IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | | |
|---|---|---|
| JONATHAN EDDIE WHITAKER, | : | |
| | : | |
| Petitioner, | : | |
| | : | |
| v. | : | CASE NO. 4:10-CV-12-CDL-MSH |
| | : | 28 U.S.C. § 2254 |
| BRIAN OWENS, et. al, | : | |
| | : | |
| Respondents. | : | |

## **RECOMMENDATION OF DISMISSAL**

Petitioner filed his application for habeas corpus relief pursuant to 28 U.S.C. § 2254 on January 28, 2010. (Doc. 1.) In response, Respondents filed a Motion to Dismiss for failure to exhaust his state remedies. (Doc. 16.) On June 29, 2010, this Court denied Respondents' Motion because the state court considered Petitioner's state habeas petition to have been dismissed. (Doc. 27 at 3.) In the Order denying Respondents' Motion to Dismiss, the Court also ordered Respondents to file a brief addressing Petitioner's application for habeas relief within thirty days. (*Id.*) Respondents failed to comply with this deadline, and on August 31, 2010, the Court filed an Order to Show Cause and scheduled a Show Cause hearing for September 14, 2010.

In response, Respondents filed a Renewed Motion to Dismiss for Lack of Exhaustion in which Respondents state that Petitioner "still has the available remedy of a state habeas corpus petition." (Doc. 31-2 at 2.) The Court interprets this statement by the Respondents as a concession that Petitioner has the right to file a new state habeas corpus petition under

a new case number (to be assigned by clerk of the superior court of the county where the state habeas is filed) and on the proper state habeas corpus form. This will allow Petitioner to fully exhaust his state remedies by presenting his claims to the state court and developing a record at the state level.

The state court has not ruled upon Petitioner's habeas corpus claims. Instead, at the state level, Petitioner's claims were dismissed for Petitioner's failure to comply with specific procedural rules. (*See* Resp'ts' Exs. 3, 9.) Thus, this Court recommends granting Respondents' Renewed Motion to Dismiss to allow Petitioner to fully exhaust his remedies. The Court expects that Respondents will stand by their concession that Petitioner is entitled to file another application for habeas relief in the state court. Furthermore, given the unusual posture of this case, the time that Petitioner's application was pending in this Court should not count against him for purposes of the AEDPA one-year statute of limitations.

WHEREFORE, it is recommended that Respondents' Motion to Dismiss be GRANTED and Petitioner's application for habeas relief be DISMISSED WITHOUT PREJUDICE to allow Petitioner the opportunity to fully exhaust his state remedies. Pursuant to 28 U.S.C. § 636(b)(1), the Petitioner may serve and file written objections to this recommendation with the UNITED STATES DISTRICT JUDGE within fourteen (14) days after being served a copy of this recommendation.

**SO RECOMMENDED,** this 20th day of September, 2010.

                                                S/Stephen Hyles
                                                UNITED STATES MAGISTRATE JUDGE

agh